UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **August 31, 2011** | Docket #: | |
| Debtor: | **Robert T. Heyliger** | Co-Debtor: | |
| SS#: | **xxx-xx-3110** | SS#: | |
| Address: | **105 Fox Lane**<br>**Falmouth, MA 02540** | Address: | |
| Debtor's Counsel: | **Peter M. Daigle 640517** | | |
| Address: | **1550 Falmouth Road**<br>**Suite 10**<br>**Centerville, MA 02632** | | |
| Telephone #: | **(508) 771-7444** | | |
| Facsimile #: | **(508) 771-8286** | | |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLAN

## CHAPTER 13 PLAN

Docket No.: _____

DEBTORS:  (H)  **Robert T. Heyliger**          SS#  **xxx-xx-3110**

(W)  _____          SS#  _____

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **1,655.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

■ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

☐ ____ Months. The Debtor states as reasons therefore:

_____

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **BAC Home Loans Servicing** | **Pre-petition arrears** | $ 24,684.82 |
| **BAC Home Loans Servicing** | **Pre-petition arrears** | $ 3,000.00 |

Total of secured claims to be paid through the Plan  $  **27,684.82**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **BAC Home Loans Servicing** | |
| **BAC Home Loans Servicing** | |
| **Chrysler Financial** | |
| **Santander Consumer USA** | |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
      **-NONE-**

      ; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

  iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan  $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **1,000.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **88.7742** % of their claims.

A. General unsecured claims: $ **68,359.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C): $ **68,359.00**

D. Multiply total by percentage: $ **60,685.18**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____ % $ **0.00**

## VI. OTHER PROVISIONS

  A. Liquidation of assets to be used to fund plan:

  B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims (Section II-A&D Total): | $ | **27,684.82** |
| b) Priority claims (Section III-A&B Total): | $ | **0.00** |
| c) Administrative claims (Section IV-A&B Total): | $ | **1,000.00** |
| d) Regular unsecured claims (Section V-D Total): | $ | **60,685.18** |
| e) Separately classified unsecured claims: | $ | **0.00** |
| f) Total of a + b + c + d + e above: | =$ | **89,370.00** |
| g) Divide (f) by .90 for total including Trustee's fee: | | |
|         Cost of Plan= | $ | **99,300.00** |

(This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g), Cost of Plan, by Term of plan,      **60** months
i. Round up to nearest dollar for Monthly Plan Payment:    $ **1,655.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **Single-family residence located at 105 Fox Lane, Falmouth, MA 02540** | $ **281,731.00** | $ **331,932.00** |

| | |
|---|---|
| Total Net Equity for Real Property: | $ **0.00** |
| Less Exemptions (Schedule C): | $ **0.00** |
| Available Chapter 7: | $ **0.00** |

B. Automobile (Describe year, make and model):

| | | | | | | |
|---|---|---|---|---|---|---|
| **2005 Toyota Prius** | Value $ | **4,625.00** | Lien $ | **5,181.00** | Exemption $ | **0.00** |
| **2008 Jeep Wrangler** | Value $ | **19,800.00** | Lien $ | **19,224.00** | Exemption $ | **576.00** |

| | |
|---|---|
| Total Net Equity: | $ **576.00** |
| Less Total Exemptions (Schedule C): | $ **576.00** |
| Available Chapter 7: | $ **0.00** |

C.  All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

**Bank of America**
**Regular Checking**
**Account Number:  004600223364**

**Sovereign Bank**
**Sovereign Preferred Checking**
**Account Number:  39802512390**

**Miscellaneoud household goods and furnishings**

**Miscellaneous wearing apparel**

**Miscellaneous**

Total Net Value:                              $ **6,200.00**
Less Total Exemptions (Schedule C):  $ **6,200.00**
Available Chapter 7:                        $ **0.00**

D.  Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:   $                **0.00**

E.  Additional Comments regarding Liquidation Analysis:


IX.  SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Peter M. Daigle**                                                             **August 31, 2011**
**Peter M. Daigle 640517**                                                                     Date
Debtor's Attorney
Attorney's Address:  **1550 Falmouth Road**
                              **Suite 10**
                              **Centerville, MA 02632**
                     Tel. #:        **(508) 771-7444 Fax:(508) 771-8286**
                     Email Address:  **pmdaigleesq@yahoo.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.


Date  **August 31, 2011**                                     Signature  **/s/ Robert T. Heyliger**
                                                                                **Robert T. Heyliger**
                                                                                Debtor